J-S74031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.O. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.O. | : | |
| | : | |
| Appellant | : | No. 2223 EDA 2019 |

Appeal from the Order Entered July 8, 2019
in the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2018-13454-PF

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 31, 2020**

Appellant, T.O. ("Husband"), files this appeal from the order of the Chester County Court of Common Pleas, granting a final Protection from Abuse ("PFA") order in favor of A.O. ("Wife").  We affirm the trial court's order.

The trial court summarized the factual and procedural history as follows:

On December 30, 2018, [A.O.] applied for, and was granted, an emergency PFA order against her husband, [T.O.].[1]  On December 31, 2018, she filed a formal PFA petition against [Husband].  In her petition, [Wife] claimed that[,] on December 29, 2018[,] [Husband] threatened to kill her, tried to pull a gun on her, and physically assaulted her.  A temporary PFA order was granted that day.  A hearing on the matter was scheduled for January 14, 2019.

On January 14, 2019, upon motion of [Husband]'s counsel, the hearing scheduled for that day was continued to March 11,

_____

[*] Former Justice specially assigned to the Superior Court.
[1] In her petition, Wife also sought the protection of her four children, two of whom are the biological children of Appellant.

2019. The temporary PFA order entered on December 31, 2018 remained in full force and effect.

On March 11, 2019[,] after [Husband] failed to appear at the scheduled hearing, a final PFA order was entered against him by the Honorable Robert J. Shenkin. . . . On March 18, 2019, [Husband] filed a motion for reconsideration of that order, claiming that he had not been served with the date of the hearing, and further, that on the date of the hearing he had been a patient at a VA hospital. Judge Shenkin granted [Husband]'s motion for reconsideration on April 9, 2019, vacated the March 11, 2019 final order and reinstated the temporary PFA order entered on December 31, 2018. The hearing on [Wife]'s petition was subsequently rescheduled for May 13, 2019.

On April 17, 2019, upon [Husband]'s motion for continuance, the hearing scheduled for May 13, 2019 was rescheduled for June 17, 2019. On June 17, 2019, again upon [Husband]'s motion for continuance, the hearing scheduled for that day was rescheduled for July 8, 2019. The temporary PFA order originally entered on December 31, 2018 was to remain in full force and effect.

[Husband] did not appear at the hearing of July 8, 2019, and a hearing was held in his absence. After hearing testimony from [Wife], and viewing the exhibits offered, [the court] entered a final, three-year PFA order against [Appellant].[2] On July 17, 2019, [Husband] filed a motion for reconsideration of that order, claiming that he had not been served with notice of the date of the hearing. On July 18, 2019, [the court] denied [Husband]'s motion for reconsideration of the July 8, 2019 order. . . .

Trial Court Opinion ("T.C.O."), 10/2/19, at 1-2.

Thereafter, on August 5, 2019, Husband, through counsel, filed a timely notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Husband raises the following issues for our review:

---

[2] Wife's four children were additionally protected under the final PFA order.

1. Did the Honorable Trial Court err and abuse it[s] discretion in granting the Protection from Abuse petition when it neither served [Husband] nor [Husband]'s counsel with requisite notice of the hearing pursuant to 23 [Pa.C.S.A. §] 6107(a) of the date for the final hearing thus denying him due process.

2. Did the Honorable Trial Court err and abuse its discretion in granting the Protection from Abuse petition when there was insufficient evidence to support a finding of abuse.

Husband's Brief at 4 (suggested answers omitted).[3]

Our standard of review is well-established:

 "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **Boykai v. Young**, 83 A.3d 1043, 1045 (Pa.Super. 2014) (citation and internal quotation marks omitted). "The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." **Buchhalter v. Buchhalter**, 959 A.2d 1260, 1262 (Pa.Super. 2008) (citations omitted).

**K.B. v. Tinsley**, 208 A.3d 123, 127 (Pa.Super. 2019).

First, Husband argues that the trial court erred in granting the final PFA order without providing him the appropriate notice pursuant to 23 Pa.C.S.A. § 6107. Husband asserts,

[Husband] was denied due process when the [c]ourt notified neither him nor his counsel of the hearing scheduled for July 8, 2019. The [c]ourt, as well as [Wife] and her counsel where [sic]

---

[3] To the extent that Husband asserted in his Rule 1925(b) statement that the length of the order is not supported by the evidence presented at the March 11, 2019 hearing, we conclude that Husband abandoned this claim on appeal by failing to include any argument and/or discussion related to these issues in his brief. **See In re M.Z.T.M.W.**, 163 A.3d 462, 465-66 (Pa.Super. 2017) (emphasizing that "this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority").

aware that [Husband] had counsel and did not contact either of them when they did not appear for the hearing[,] denying [Husband] due process by preventing him from presenting witnesses in his defense and [] cross-exam[ining] witnesses. There was a history of PFA petitions by [Wife] against [Husband], and in all prior PFA actions [Husband] never willfully failed to appear, nor has he ever consented to a PFA being entered against him.

Husband's Brief, at 9.

> In reviewing due process claims, we have held the following:
>
> "A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." ***Commonwealth v. Tejada***, 161 A.3d 313, 317 (Pa.Super. 2017). "Due process requires that the litigants receive notice of the issues before the court and an opportunity to present their case in relation to those issues." ***Brooks–Gall v. Gall***, 840 A.2d 993, 997 (Pa.Super. 2003) (recognizing that dependency proceedings implicate due process concerns). It is well settled that "procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." ***S.T. v. R.W.***, 192 A.3d 1155, 1161 (Pa.Super. 2018). Significantly, the in-court presentation of evidence is a fundamental component of due process. ***M.O. v. F.W.***, 42 A.3d 1068, 1072 (Pa.Super. 2012). "[I]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." ***Id.*** at 1072.

***Interest of S.L.***, 202 A.3d 723, 729 (Pa.Super. 2019).

Section 6107 of the Protection From Abuse (PFA) Act provides the following general rule with respect to hearings on PFA petitions:

> **(a) General rule.--**Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel, of the right to present evidence, of the right to compel attendance of witnesses, of the

method by which witnesses may be compelled, of the possibility that any firearm, other weapon or ammunition owned and any firearm license possessed may be ordered temporarily relinquished, of the options for relinquishment of a firearm pursuant to this chapter, of the possibility that Federal or State law may prohibit the possession of firearms, including an explanation of 18 U.S.C. § 922(g)(8) (relating to unlawful acts) and 18 Pa.C.S. § 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), and that any protection order granted by a court may be considered in any subsequent proceedings under this title. This notice shall be printed and delivered in a manner which easily attracts attention to its content and shall specify that child custody is one of the proceedings where prior protection orders may be considered.

23 Pa.C.S.A. § 6107(a).

In reviewing Husband's allegation that he did not receive notice of the

PFA hearing, we are mindful of the following rule:

The "mailbox rule" provides that proof of a mailing raises a rebuttable presumption the mailed item was received. **Breza** [**v. Don Farr Moving & Storage Co.**, 828 A.2d 1131, 1135 (Pa.Super. 2003)]. Additionally, "the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." **Id.** (holding appellant's mere assertion that notice was not received, absent corroboration, is not sufficient to overcome mailbox rule presumption; docket entries established complaint containing notice of arbitration date was mailed, and there was no docket entry indicating complaint had been returned). **Compare Commonwealth v. Thomas**, 814 A.2d 754 (Pa.Super. 2002) (holding Commonwealth's production of unstamped copy of hearing notice contained in clerk of court's file, and generic testimony regarding standard mailing practices for summary appeal hearing notices, was insufficient to trigger mailbox rule presumption).

**Murphy v. Murphy**, 988 A.2d 703, 709 (Pa.Super. 2010).

Upon review, in the case *sub judice*, the record reveals that Husband

was provided with appropriate notice of the PFA hearing. The lower court

initially scheduled a hearing for January 14, 2019 within ten days of the filing

of the PFA petition on December 31, 2018 and Husband received notification via sheriff on December 31, 2018. Thereafter, Husband's counsel requested multiple continuances, which the trial court granted and sent appropriate notice to the parties and counsel. Most relevant, Husband, through counsel, made a request dated June 10, 2019 to reschedule the June 17, 2019 hearing.

The docket reflects an order, which was dated and entered June 17, 2019, granting a continuance and rescheduling the hearing for July 8, 2019. The docket indicates that copies were sent to all counsel and unrepresented parties and the order is stamped "Sent June 18, 2019." **Id.** Moreover, Husband attaches a copy of this order to his motion for reconsideration. **See** Motion for Reconsideration, 7/17/19, Exhibit "B."

Husband's claim that he did not receive notice of the hearing fails to rebut the presumption of the mailbox rule established by the stamped order and docket entry. **See Murphy**, **supra**. We further agree with the trial court's assertion that it had no further duty to procure Husband's presence at the hearing or inquire as to Husband's reasoning for missing the hearing. The lower court's relevant order clearly stated, in part, that the "[f]ailure of the Defendant to appear for hearing may result in the issuance of a final Protection From Abuse Order and an Order to pay costs." Order, 6/17/19. Therefore, Husband's due process claim fails.

Next, we turn to Husband's challenge to the sufficiency of the evidence. Our standard of review is well-settled:

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.
>
> [**Fonner v.**] **Fonner**, 731 A.2d [160, 161 (Pa.Super. 1998)] (internal citations omitted).
>
> "[T]he [PFA] Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence." **Snyder v. Snyder**, 427 Pa.Super. 494, 629 A.2d 977, 982 (1993). A "preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." **Raker v. Raker**, 847 A.2d 720, 724 (Pa.Super. 2004).

**Tinsley**, 208 A.3d at 128.

Specifically, Husband argues that "[t]he [c]ourt erred and abused its discretion in granting [Wife]'s Protection from Abuse petition when there was insufficient evidence to support a finding of abuse under 23 Pa.C.S.A. § 6102." Husband's Brief at 10.  He asserts, "[Wife] failed to testify to any physical abuse, or any physical touching whatsoever.  She did not testify to any actual threats of bodily harm or physical injury.  She also did not testify that she was afraid that [Husband] would harm her." **Id.** at 11.

> Section 6102(a) of the PFA Act defines "abuse" as:
>
> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102(a).

With respect to the duration of the order, Section 23 Pa.C.S. § 6108(d) provides that "[a] protection order or approved consent agreement shall be for a fixed period of time not to exceed three years. The court may amend its order or agreement at any time upon subsequent petition filed by either party." 23 Pa.C.S. § 6108(d).

In this case, the trial court found that Wife offered credible testimony, which was "more than sufficient to justify" its final PFA order. T.C.O. at 4. The trial court summarized the evidence as follows:

At the hearing on July 8, 2019, [Wife] testified that on the evening of December 29, 2018, in the home she shared with [Husband] and her four children, [Husband] struck her in the face with his

finger, grabbed her by the throat with one hand and pushed her against the couch. After she kicked him in the groin, [Husband] grabbed her by the throat with both hands and squeezed hard. After [Husband] let go of her neck, [Wife] locked herself in the bathroom and called 911. [Wife] also testified that she was "pretty certain" that [Husband] was going to kill her. Exhibits P-1 through P-3 provided photographic evidence of the abuse claimed.

T.C.O. at 3-4.

Therefore, the trial court found that Husband had attempted to cause or had caused Wife bodily injury as well as placed Wife in fear of imminent serious bodily injury, which constituted "abuse" under Sections 6102(a)(1) and (2), respectively. As such, Husband's challenge to the sufficiency of the evidence is without merit.

We conclude that the record supports the lower court's finding of abuse and entry of a final PFA order for a period three years. We discern no abuse of discretion and do not disturb the trial court's determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20

- 9 -